UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

METLIFE SECURITIES, INC.,              )
METLIFE INSURANCE COMPANY USA,         )
METLIFE INVESTORS DISTRIBUTION         )
COMPANY, METROPOLITAN LIFE             )
INSURANCE COMPANY AND                  )
METLIFE, INC.,                         )
                                       )
                    Petitioners,       )
                                       )
v.                                     )        No. 2:16-CV-32
                                       )
PATSY A. HOLT,                         )
                                       )
                    Respondent.        )

## MEMORANDUM OPINION

This matter is before the Court on Respondent's Motion to Alter or Amend Judgment [doc. 11] and Petitioners' Response in Opposition [doc. 23]. For the reasons herein, the Court will deny the motion.

## I.    BACKGROUND

Respondent Patsy A. Holt ("Ms. Holt") opened several Individual Retirement Accounts with Petitioners ("MetLife") in Greeneville, Tennessee, four of which are at issue in this action. [Pet. to Compel Arbitration, doc. 1, ¶¶ 1, 52; Holt Dep., doc. 1-9, at 8:4–8, 21–23, 9:17–20, 10:15–25, 11:1–3, 14:4–14; Woods Decl., doc. 4-1, ¶ 5].[1] Ms. Holt personally signed the account application for one of the four accounts—account number

---

[1] Pincites to the record refer to the electronic page numbers.

1

XXXXX9324. [Holt Dep. at 14:4–17]. At the suggestion of MetLife's authorized representative in charge of the accounts, Mark Salyer ("Mr. Salyer"), Ms. Holt instructed her daughter, Lydia Salyer ("Ms. Salyer"), to sign the account applications for the three other accounts—account numbers XXXXX3828, XXXXX9931, and XXXXX8578—on her behalf. [*Id.* at 5:23–25, 6:1, 7:22–25, 8:1–25, 9:1–16, 10:15–25, 11:1–13].[2] Ms. Holt's name, Patsy A. Holt, appears in cursive in the signature block on those three account applications, [*see* Account Application 3828, doc. 1-2, at 2; Account Application 9931, doc. 1-3, at 2; Account Application 8578, doc. 1-4, at 2], but Ms. Holt did not view or read them, [Holt Dep. at 11:14–18]. In total, Ms. Holt claims to have invested more than $1,900,000 in the accounts. [Second Am. Compl., doc. 1-8, ¶ 19].

According to Ms. Holt, Mr. Salyer went on to misappropriate her funds, which are now almost entirely gone. [*Id.* ¶¶ 28, 30]. As a result, she sued Mr. Salyer and MetLife in the Circuit Court of Sullivan County, Tennessee, for breach of contract, conversion, failure to supervise, fraud, and negligence, alleging that MetLife is responsible for Mr. Salyer's misconduct. [*Id.* ¶¶ 25–35]. In response, MetLife filed in the state court a motion to compel arbitration, arguing that Ms. Holt has to arbitrate her claims because the four account applications contain arbitration provisions. [*See* Pet. to Compel Arbitration ¶ 9; State Court Order, doc. 7-2, ¶ 2]. In each account application, the arbitration provision reads:

> MetLife. . . and the purchaser of the shares, who is the signatory below . . . agree that any controversy . . . arising out of or relating to any transactions between [them] shall be determined by arbitration. . . . This

---

[2] MetLife alleges that Mr. Salyer "was Holt's son-in-law at the time." [Pet. to Compel Arbitration ¶ 1].

> agreement and any arbitration hereunder shall be governed and construed in accordance with the laws of the State of New York . . . .

[Account Applications, doc. nos. 1-1, 1-2, 1-3, 1-4, at 3]. The court ruled that Ms. Holt's claims related to account number XXXXX9324 are subject to arbitration but reserved ruling on the arbitrability of the other claims until it could decide whether to allow discovery. [Woods Decl. ¶ 5]. Mr. Salyer, however, then filed for bankruptcy, and the court stayed the case for roughly three years. [Pet. to Compel Arbitration ¶ 9]. When the case resumed after the bankruptcy proceedings, the court permitted Ms. Holt to file a revised second amended complaint so she could allege that the arbitration provisions are unenforceable contracts of adhesion. [Woods Decl. ¶ 8; *see* Second Am. Compl. ¶ 22].

Around this same time, Ms. Holt claims that she and MetLife agreed to "a methodology" to resolve the case. [Woods Decl. ¶ 9]. According to Ms. Holt, the parties decided, in a series of e-mails, "to pursue a ruling from the state court judge on the issue of arbitration and then irrespective of who prevailed, they would mediate the underlying suit within sixty (60) days for the ruling." [*Id.*]. In pertinent part, the e-mails read:

- Ms. Holt's counsel: "[We] would propose . . . mediat[ion] within 90 days so as to allow for mutual discovery in the Holt matter pursuant to an agreed scheduling Order." [E-mail 1, doc. 7-1, at 1].

- MetLife's counsel: "MetLife is agreeable to mediating Holt within 90 days of the court's ruling on the arbitration issue. . . . I don't know of any reason we couldn't have a hearing on the [arbitration] issue in the next 30-45 days and get a final decision from [the state court]. Please let me know if that is acceptable." [E-mail 2, doc. 7-1, at 1].

- Ms. Holt's counsel: "Holt will be okay if we shorten it up to 60 days." [E-mail 3, doc. 7, at 2].

- MetLife's counsel: "[Y]ou never directly responded to the shortening on Holt from 90 days to 60 days. You are agreeable to the sixty days, are you not?" [E-mail 4, doc. 7-1, at 2].

- Ms. Holt's counsel: "[W]e're ok with the 60 days." [E-mail 5, doc. 7-1, at 2].

After exchanging these e-mails, MetLife renewed its motion to compel arbitration, prompting the state court to allow discovery on whether all four arbitration provisions are unenforceable contracts of adhesion. [State Court Order at 2]. The state court reserved ruling on this issue until it could conduct an evidentiary hearing. [*Id.*]. Since then, the parties have conducted some discovery—including depositions, interrogatories, and requests for production. [Woods Decl. ¶ 12].

MetLife petitioned this Court to compel Ms. Holt to arbitrate her claims, seeking this recourse under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–14. [Pet. to Compel Arbitration at 5–16]. The Court granted MetLife's Petition to Compel Arbitration in part, requiring Ms. Holt to arbitrate her claims under Account Application 9324. [*See* Order, doc. 9, at 1]. The Court ordered an evidentiary hearing to determine whether the arbitration provisions in Account Applications 3828, 9931, and 8578 are enforceable. [*Id.*]. Ms. Holt, however, then filed her Motion to Alter or Amend Judgment, in which she asks the Court to reconsider its decision regarding Account Application 9324. To address this motion, the parties agreed to a briefing schedule, which overlapped with the date of the evidentiary hearing. [*See id.*; Joint Mot. for Stipulated Briefing Schedule, doc. 20, at 1–2]. The Court therefore canceled the evidentiary hearing pending further order and resolution of the

motion. [Order, doc. 22, at 1]. The parties have completed their briefing, and the motion is now ready for the Court's consideration.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) states that a party may file a motion to alter or amend judgment within twenty-eight days from an entry of judgment. *See* Fed. R. Civ. P. 59(e). Rule 59(e) permits a court to alter judgment based on "(1) a clear error in law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quotation omitted). A district court has "considerable discretion" in deciding whether to grant a motion under Rule 59(e). *Id.* (citation omitted).

A motion under Rule 59(e) "run[s] contrary" to notions of "finality and repose" and therefore is "generally discouraged" and "afford[s] relief only under extraordinary circumstances." *Polzin v. Barna & Co.*, No. 3:07-cv-127, 2007 WL 4365760, at *3 (E.D. Tenn. Dec. 11, 2007). In this vein, Rule 59(e) does not provide parties with "an opportunity to re-argue a case," and "parties should not use [it] to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation and quotation omitted); *see U.S. ex rel. Am. Textile Mfrs. Inst., Inc. v. Limited, Inc.*, 179 F.R.D. 541, 547 n.9 (S.D. Ohio 1998) ("FRCP 59(e) is not a means by which a party may re-litigate issues previously considered. If the movant simply regurgitates arguments previously presented or presents arguments which originally could have been argued, then the movant's proper recourse is an appeal to the circuit court." (citations omitted)).

5

### III. Analysis

Ms. Holt contends that Tennessee law and not New York law governs the arbitration provisions in the Account Applications and that the arbitration provisions are unenforceable contracts of adhesion. [Resp't's Br. at 4–9]. Ms. Holt's arguments are reiterations of the arguments she made in her Motion for Summary Judgment.[3] The Court has already addressed them, and Rule 59(e) does not provide Ms. Holt with a postmortem invitation to quibble with the Court. *See Sault Ste. Marie Tribe*, 146 F.3d at 374. If she believes that the Court's analysis is unsound, she must seek appellate review.

Ms. Holt also argues that the Court should have viewed her opposition to MetLife's request to compel arbitration as "a jurisdictional motion only" and not addressed "the merits of the petition." [Resp't's Br. at 2]. In this vein, she maintains that the Court should have waited to rule on "the merits of the petition" until she had the opportunity to file a

---

[3] Ms. Holt tries to breathe new life into these arguments by providing the Court with portions of Mr. Eric Stephen Howell's deposition, which Ms. Holt has not submitted to the Court until now—though the deposition occurred over a year ago. Ms. Holt could have filed these transcripts in support of her Motion for Summary Judgment but either neglected to do so or chose not to do so. The Court will not consider them here. *See Leisure Caviar*, 616 F.3d at 615 (requiring courts to consider only newly discovered evidence on a motion under Rule 59(e)); *see also Sault Ste. Marie Tribe*, 146 F.3d at 374 ("[P]arties should not use [a motion under Rule 59(e)] to raise arguments which could, and should, have been made before judgment issued.").

Ms. Holt also argues—here for the first time, again—that she is entitled to an evidentiary hearing on the arbitrability of Account Application 9324. The Court, however, can easily dispatch this argument, which she should have raised in her Motion for Summary Judgment. *See Sault Ste. Marie Tribe*, 146 F.3d at 374; *see also Armstrong v. Assocs. Int'l Holdings Corp.*, 242 F. App'x 955, 959 (5th Cir. 2007) (concluding that the district court had no obligation to conduct an evidentiary hearing before compelling arbitration of the parties' claims); *Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15 (1st Cir. 2006) (stating that an evidentiary hearing is necessary under the FAA "only if there is a genuine issue of material fact"); *Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co.*, 706 F.2d 155, 159 (6th Cir. 1983) (stating that the FAA "does not require an evidentiary hearing").

more substantive "responsive pleading." [*Id.*].[4] The FAA not only permits but also requires this Court to determine the arbitrability of a dispute if it has subject matter jurisdiction over the dispute. 9 U.S.C. § 4. Ms. Holt now concedes that she "accepts this Court's decision relating to jurisdiction." [Id.]. So as far as the Court can discern, Ms. Holt is displeased because the Court proceeded to fulfill its statutory duty by determining the arbitrability of her claims under Account Application 9324. Ms. Holt had the same opportunity that every party before this Court has to oppose a motion. Ms. Holt took that opportunity and crafted her opposition to MetLife's Petition in the way she saw fit. The Court gathers that Ms. Holt now wishes, in hindsight, she had raised additional arguments—other than resistance to this Court's jurisdiction—in opposition to MetLife's Petition, but a pang of regret is not the measure by which this Court considers a motion under Rule 59(e).

## IV.  CONCLUSION

Ms. Holt fails to mention the appropriate standard under Rule 59(e), let alone fashion her arguments within the framework of that standard. Ms. Holt's Motion to Alter or Amend Judgment [doc. 11] is therefore **DENIED**. The Court will enter an order consistent with this opinion.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

---

[4] Ms. Holt does not provide the Court with case law for this contention, and more importantly, does not frame it within the standard that applies to motions under Rule 59(e).

7